1  Anna Y. Park, SBN 164242
2  Dana C. Johnson, SBN 187341
   Thomas S. Lepak, SBN 245649
3  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
4  255 East Temple Street, Fourth Floor
   Los Angeles, CA 90012
5  Telephone: (213) 894-1083
   Facsimile: (213) 894-1301
6  E-Mail: lado.legal@eeoc.gov
   Attorneys for Plaintiff
7  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION

9  BRIAN T. McMILLAN, Bar No. 111890
   SHANNON R. BOYCE, Bar No. 229041
10 LITTLER MENDELSON
   A Professional Corporation
11 50 West San Fernando Street, 15th Floor
   San Jose, CA 95113.2303
12 Telephone: 408.998.4150
   Facsimile: 408.288.5686
13 E-Mail: bmcmillan@littler.com
           sboyce@littler.com
14 Attorneys for Defendant
   INTRAWEST GOLF MANAGEMENT, INC.

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>INTRAWEST GOLF MANAGEMENT, INC., and DOES 1-10, Inclusive,<br><br>　　　　　Defendants. | Case No. EDCV 07-1179 VAP (JCRx)<br><br>CONSENT DECREE |

INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendant Intrawest Golf Management, Inc. ("Intrawest Golf"), hereby stipulate and agree to entry of this Consent Decree to resolve the EEOC's Complaint, filed under Sections 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC's Complaint alleges that Intrawest Golf discriminated against subjected its employee, Jillian Stamps, to a hostile environment because of sex in violation of Title VII. Defendant has denied that it harassed Charging Party and/or violated Title VII. The Commission and Defendant now seek to resolve this action without further contested litigation through the instant Consent Decree. This resolution does not constitute an admission of liability on the part of Defendant.

I. JURISDICTION

The Court has jurisdiction over the parties and the subject matter of this lawsuit, pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, 1345, 1367 and 42 U.S.C. 2000e-5(f). The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees which may be necessary to implement and/or enforce the relief provided herein or to otherwise effectuate the purposes of the Decree.

II. PURPOSES AND SCOPE OF THE CONSENT DECREE

A. The parties to this Consent Decree ("Decree") are the EEOC and Intrawest Golf (collectively the "Parties"). This Decree shall be binding on and enforceable against Intrawest Golf and its officers, directors, agents, successors and assigns.

      B.    As a result of having engaged in comprehensive settlement negotiations the Parties have agreed that this action should be finally resolved by entry of this Decree for the following purposes:

          1.    To avoid expensive and protracted costs incident to litigation;

          2.    To provide a final and binding settlement upon the Parties as to all claims alleged in the Complaint;

          3.    To provide monetary and injunctive relief;

          4.    To ensure training for Intrawest Golf's employees with respect to their obligations under Title VII; and

          5.    To provide effective responses to harassment complaints.

## III.    EFFECTIVE DATE AND DURATION OF DECREE

      A.    The provisions and agreements contained herein are effective immediately upon the date on which this Decree is entered by the Court ("the Effective Date").

      B.    Except as otherwise provided herein, the Decree shall remain in effect for two (2) years after the Effective Date.

## IV.    FINDINGS

Having examined the terms and provisions of this Decree and based on the pleadings, record and stipulation of the Parties, the Court finds the following:

      A.    The Court has jurisdiction over the Parties and the subject matter of this action.  The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

      B.    The terms and provisions of this Decree are adequate, fair, reasonable, equitable and just.  The rights of the Parties and the public interest for which the EEOC seeks redress are protected adequately by this Decree.

C. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties.

## V. RESOLUTION OF CLAIMS

A. The Parties agree that this Decree constitutes a complete resolution of EEOC Charge No. 345-2005-01154 and the Complaint filed in this action. The Decree does not, however, resolve any charges of discrimination that may be pending with or brought in the future before the EEOC other than the charge specifically referred to in this paragraph.

B. Nothing in this Decree shall be construed to limit or reduce Intrawest Golf's obligation to comply fully with Title VII or any other federal employment statute.

C. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Intrawest Golf in accordance with standard EEOC procedures.

## VI. MONETARY RELIEF

Intrawest Golf shall pay Jillian Stamps a total of fifty thousand dollars ($50,000.00) in settlement of all monetary claims. The monetary settlement constitutes compensatory damages for emotional distress alleged to have been sustained by Stamps as a result of the conduct complained of in the Complaint. Accordingly, no FICA/FUTA or any other withholdings shall be made from any of the above payments. Defendant shall deliver a check to Ms. Stamps, via certified mail to an address to be provided to Defendant by the EEOC, no later than fifteen (15) days from the Effective Date. Defendant shall submit a copy of the check and related correspondence to the Regional Attorney, United States Equal Employment

1  Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA
2  90012, within three (3) days of issuing the check.  At or before January 15, 2009,
3  Defendant shall issue to Ms. Stamps, via certified mail, an IRS 1099 form
4  reflecting payment of the settlement amount.  Defendant shall submit a copy of
5  said IRS 1099 form and related correspondence to the Regional Attorney, United
6  States Equal Employment Opportunity Commission, 255 East Temple Street, 4th
7  Floor, Los Angeles, CA 90012, within three (3) days of issuing the IRS 1099 form.

## VII.   INJUNCTIVE RELIEF

### A.   Non-Discrimination

Intrawest Golf, its officers, agents, management, successors, assigns, and all those in active concert or participation with any of them, hereby agree (1) not to engage in sexual harassment or other forms of sex discrimination; and (2) to prevent and correct any harassment or other discrimination on the basis of sex.

Intrawest Golf, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby shall not implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Lawry's), proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

### B.   Training

1. All of Intrawest Golf human resources personnel shall be required to attend training on their obligations and responsibilities under Title VII and Intrawest Golf's policies and procedures related to harassment within sixty days after the Effective Date. Thereafter, Intrawest Golf shall provide annual training to its human resources personnel for the Term of the Decree.

2. The training shall include coverage of the subjects of equal employment opportunity rights and responsibilities; harassment discrimination, and retaliation; Intrawest Golf's policies and procedures for reporting and handling complaints of harassment and discrimination; how to recognize, prevent, and correct discrimination, harassment and retaliation; and how to receive, investigate, and/or report to designated officials complaints of discrimination, harassment or retaliation.

3. Within forty-five (45) days of the Effective Date, and thereafter no later than fifteen (15) days prior to providing annual training to its human resources personnel as required in Paragraph B(1), Intrawest Golf shall submit its training materials to the EEOC.

4. For the remainder of the term of this Decree, all new human resources personnel shall receive the training described in this Paragraph within ninety (90) days of hire or transfer into the human resources department.

C. Reporting

Within fifteen (15) days after the initial training of human resources personnel and each annual training thereafter, Intrawest Golf shall submit to the EEOC an report which containing

1. a list of the names and positions of employment of each human resources employee who attended each training required and provided under this Decree; and

        2.     a list of the names and positions of each human resources employee who failed to attend the training, the reason training was not attended, and written confirmation that those employees will be trained within thirty (30) days of the missed training;

## VIII. MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## IX. COMPLIANCE AND DISPUTE RESOLUTION

A. The Parties expressly agree that if the EEOC has reason to believe that Intrawest Golf has failed to comply with any provision of this Consent Decree, the EEOC may petition this Court to enforce the Decree. Prior to initiating such petition, the EEOC will notify Intrawest Golf and/or its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes has/have been breached. Absent a showing by either party that the delay will cause irreparable harm, Intrawest Golf shall have thirty days to attempt to resolve or cure the breach.

B. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C. After thirty days have passed with no resolution or agreement to extend the time further, the EEOC may petition this Court for compliance with this Decree, seeking all available relief, including, but not limited to, the imposition of attorneys' fees and costs and an extension of the term of the Decree for such period of time as Intrawest Golf is shown to be in breach of the Decree.

X. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Intrawest Golf shall bear all costs associated with its obligations under this Consent Decree.

XI. COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.

XII. COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

Respectfully Submitted,

Dated: June 5, 2008

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

BY: _____
     Anna Y. Park

     Regional Attorney for Plaintiff, EEOC

Dated:  June 5, 2008                        Intrawest Golf Management, Inc.

                                              BY:  _____
                                                       Matt Lindley

IT IS SO ORDERED:

Date: June 14, 2008        _____  *[signature: Virginia A. Phillips]*

                                         Hon. Virginia A. Phillips
                                         U.S. District  Judge